IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| FELECIA LINCHON, JOSEPH WOMACK, AND FRANCISCO DELAROSA, JR.<br><br>        PLAINTIFFS,<br><br>V.<br><br>CITY OF IRVING<br><br>        DEFENDANT. | CASE NO. 3:26-CV-1107 |

## COMPLAINT

Plaintiffs, Felecia Linchon, Joseph Womack, and Francisco Delarosa, Jr. individually and on behalf of others similarly situated (collectively, the "Class"), bring suit against the City of Irving (the "City") and allege the following in support of their Complaint:

## PARTIES

1. Plaintiff Felecia Linchon is a natural person and is domiciled in and a resident of the City of Irving, Dallas County, Texas.

2. Plaintiff Joseph Womack is a natural person and is domiciled in and a resident of the City of Arlington, Tarrant County, Texas.

3. Plaintiff Francisco Delarosa, Jr. is a natural person and is domiciled in and a resident of the City of Dallas, Dallas County, Texas.

4. Defendant the City of Irving is a subdivision of the State of Texas and Dallas County, Texas and can be served at City of Irving, City Hall located at 825 Irving Blvd., Irving, Texas 75060.

## JURISDICTION AND VENUE

5.  This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.  This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4), because this suit presents a federal question and seeks relief pursuant to a federal statute that provides for the protection of civil rights.

7.  This Court has personal jurisdiction over the City of Irving as a city located in Dallas County Texas.

8.  Venue is proper in the Dallas Division of the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2), because all acts and/or omissions alleged herein occurred in this District. Dallas County is in the Dallas Division of the United States District Court for the Northern District of Texas.

## FACTUAL ALLEGATIONS

9.  The duty to promptly present a person before a magistrate after arrest is one of the oldest and most fundamental protections in American criminal procedure. This safeguard ensures that no person is secretly detained, denied bail, or interrogated without judicial oversight. It protects constitutional rights and maintains the integrity of the criminal justice system.

10. On April 30, 2024, the City promulgated a written policy for implementation on May 1, 2024, prohibiting the City's municipal judges/ Dallas County Magistrates from holding magistrate hearings for Plaintiffs and other similarly situated individuals charged with a class B misdemeanor or above. *See* attached as **Exhibit A** the Policy. The City's policy, practice, and procedure denied Plaintiffs, who were arrested in the City of Irving on Dallas County charges and detained in the Irving Jail, due process in violation of the Fourth and Fourteenth Amendments to the United States

Constitution. Specifically, Plaintiffs and other similarly situated individuals were arrested, jailed, and held without the ability to bail or see a magistrate without unnecessary delay. Instead, they were held hours and even days longer than the law allows. Plaintiffs were denied access to the Irving Judge/Dallas County magistrate and unnecessarily transported to the Dallas County jail to be rebooked and wait to see another Dallas County magistrate housed downtown. The City's policy has denied each and every individual arrested in the City on Dallas County charges their constitutional right to be brought before a magistrate to have charges read to them and bail assessed without unnecessary delay as the law requires.

11.  Plaintiffs were denied their due process of having a hearing with a magistrate to assess the charges and bail without unnecessary delay for over 48 hours. The City's policy, practice and procedure violated Plaintiffs' rights to due process because they failed to expeditiously without unnecessary delay bring Plaintiffs before a magistrate as required by the Fourth and Fourteenth Amendment.

12.  Instead of providing Plaintiffs with their Fourth and Fourteenth Amendment rights under the Constitution, the City abdicated its duty to Dallas County even though the City's Municipal Judge is a Dallas County magistrate and could have magistrated Plaintiffs while the Plaintiffs were still housed in the City's Jail. Instead, the City denied access to a magistrate and sent the arrestees to Dallas County not only passing on the cost of housing and transportation to the County but also further delaying and denying Plaintiffs' rights to see a magistrate without unnecessary delay.

13. The unlawful policy put in place on May 1, 2024, is prima facie evidence that the delays are unreasonable. Prior to May 1, 2024, all persons arrested in the City were able to see the City's Municipal Judge/Dallas County magistrate on the next available docket, which occurred twice a day during the week and once a day during the weekend. After May 1, 2024, individuals charged

with Class B misdemeanors and above were denied access to the magistrates even though magistration continued for those charged with class C misdemeanors and Magistrates were still physically present and available for magistration. The only thing that changed was the City's new policy requiring detention officers to transfer anyone charged with a Class B misdemeanor or above to Dallas County to see another magistrate instead of the City's Municipal Judges/Dallas County magistrates who were available and able to see Plaintiffs on the next available docket. Plaintiffs who were arrested on Dallas County charges were denied access to the City's Municipal Judge/Dallas County magistrate and the Judges were denied their right to fulfill their duties as a Dallas County Magistrates as a direct consequence of the City's policy, practice and procedure.

14. Felecia Linchon was arrested on December 1, 2024. She was denied access to the City's Municipal Judge/Dallas County magistrate. She was held in the City's Jail without the ability to bail or see a magistrate until she was unnecessarily transferred to the Dallas County jail where she did not receive a hearing by a magistrate until December 4, 2024.

15. Joseph Womack was arrested on November 3, 2025. He was denied access to the City's Municipal Judge/Dallas County magistrate. He was held in the City's Jail without the ability to bail or see a magistrate until he was unnecessarily transferred to the Dallas County jail where he did not receive a hearing with a magistrate until November 7, 2025.

16. Francisco Delarose, Jr. was arrested on September 17, 2025. He was denied access to the City's Municipal Judge/Dallas County magistrate. He was held in the Irving Jail without the ability to bail or see a magistrate until he was unnecessarily transferred to the Dallas County jail and he did not receive a hearing with a magistrate until September 19, 2025.

## CLASS ACTION ALLEGATIONS

### Efficiency of Class Prosecution of Common Claims.

17. Plaintiffs as Class Representatives bring the cause of actions below as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representative of the following persons (the "Class"):

> "All individuals arrested and jailed by the City of Irving on Dallas County charges on May 1, 2024, to the present who were denied their right to be brought before a Dallas County magistrate without unnecessary delay later than 48 hours."

18. Certification of a class of individuals similarly situated to the Plaintiffs is the most efficient and economical means of resolving the questions of law and fact that are common to the claims of Plaintiffs and the proposed Class.

19. The individual claims of Plaintiffs require resolution of the common question of whether Defendant engaged in a systemic pattern and practice of depravation of Fourth and Fourteenth Amendment due process rights based on Defendant's policy and procedure to not bring individuals arrested and jailed by the City before a Magistrate prior to 48 hours after being arrested.

20. The Plaintiffs have and will show that Defendant implemented and engaged in pattern, practice and policy to deprive individuals their Fourth and Fourteenth Amendment rights. Defendants implemented a policy that prohibited the City's Municipal Judges/Dallas County Magistrates from holding a magistrate hearing to determine charges and bail for individuals arrested in the City. The City's policy, practice and procedure prevented Plaintiffs and individual similarly situated from being brought before a magistrate without unnecessary delay is violation of their Fourth and Fourteenth Amendment due process rights.

21. The Plaintiffs seek remedies to eliminate the adverse effects of such practices, policies and procedures and to prevent continued violations of Constitutional rights in the future.

22. The Plaintiffs have standing to seek such relief because of the adverse effect that such practice, policy and procedure have had on them individually and on other similarly situated individuals. Defendant caused Plaintiffs' injuries through its practices, policies, and procedures. These injuries are redressable through systemic relief, such as injunction, and other appropriate class-wide and individual remedies sought in this action. To obtain relief for themselves and the Class, Plaintiffs will first establish the existence of systemic policy, practice and procedure as the premise for the relief they seek. Without Class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

23. Plaintiffs' individual and Class claims are premised upon the traditional bifurcated method of proof and trial. Such a bifurcated method of proof and trial is the most efficient method of resolving such common issues.

24. Certification of the proposed Class is the most reasonable and efficient means of presenting the evidence and arguments necessary to resolve such questions for the Plaintiffs, the Class Members, and Defendant.

### Numerosity and Impracticability of Joinder.

25. The Class that the Class Representatives seek to represent is so numerous that joinder of all members is impracticable. Upon information and belief, the members of the proposed Class currently number approximately 4,800 (and probably more).

26. Additionally, Defendant's pattern and practice make joinder impracticable by discouraging other putative class members from pursuing relief from Defendant's pattern and practice thereby making it impractical and inefficient to identify many members of the Class prior to determination of the merits of Defendant's Class wide liability.

**Common Questions of Law and Fact.**

27. The prosecution of the claims of Class Representatives will require the adjudication of numerous questions of law and fact common to their individual claims and those of the Class they seek to represent.

28. A common question of law/fact which will resolve a central issue in each claim is whether Plaintiffs have shown that the Defendant engaged in a pattern, practice or procedure to deprive them and other similarly situated of their Fourth and Fourteenth Amendment due process rights by failing to bring persons charged with a class B misdemeanor or above before a magistrate without unnecessary delay in contravention of applicable law and their Fourth and Fourteenth Amendment rights to due process, and these policies and procedures are the rule, rather than the exception -the determination of these common material issues of law/fact (and those enumerated below) will resolve the central issues in every one of the claims presented.

29. In addition, common issues of law include, *inter alia:* (a) whether Defendant implemented a policy, pattern or practice to prevent the magistration of individuals charged with a class B misdemeanor and above; (b) the proper standards for proving a pattern and practice of depravation of Fourth and Fourteenth Amendment due process rights; (b) whether Defendants engaged in unlawful, systemic depravation of Plaintiffs' right by denying them access to a magistrate without unnecessary delay and prior to 48 hours after detention; (c) whether Defendant is liable for a continuing, systemic violation of Plaintiffs' Fourth and Fourteenth Amendment Rights; and (d) whether Defendant's employees and officials failed to prevent, investigate, or properly respond to complaints concerning the violation of Plaintiffs' rights.

30. The policies, practices, and procedures to which Plaintiffs and the Class members are or were subjected apply universally to all Class Members. These employment policies, practices, and

procedures are not unique or limited to any of the individual Plaintiff. They apply to all Plaintiffs and Class Members.

### Typicality of Claims and Relief Sought.

31. Plaintiffs' claims are typical of the claims of the proposed Class. The Plaintiffs assert claims in each of the categories of claims that they assert on behalf of the proposed Class. The relief they seek for themselves is also typical of the relief sought on behalf of the proposed Class.

32. Like other members of the proposed Class, Class Representatives were arrested, jailed and denied appearances before a magistrate without unnecessary delay and prior to 48 hours after detention.

33. Defendant's policy, practice and procedures of refusing to provide access to a magistrate for individuals arrested and jailed by the City charged with a Class B misdemeanor and above denied Plaintiffs and other similarly situated individuals their right to due process pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.

34. Defendant's treatment of Plaintiff's and similarly situated individuals occurred and occurs as a pattern and practice.

35. The relief necessary to remedy the claims of Plaintiffs is exactly the same as that necessary to remedy the claims of the proposed Class Members.

36. Plaintiffs seek the following relief for their individual claims and for those of the members of the proposed Class: (a) a declaratory judgment that Defendant's policy violated and violated Plaintiffs' and the Class's Fourth Amendment due process rights by failing to bring them before a magistrate sooner than 48 hours after detention; (b) a permanent injunction to continuing such policy and conduct; (c) permissible damages from Defendant's unconstitutional conduct; (d) compensatory damages; and (e) punitive and nominal damages

to deter Defendant from engaging in similar practices in the future; and (f) attorneys' fees, costs, and expenses, and other recoverable damages as permitted by law.

## Adequacy of Representation

37. Plaintiffs' interests are coextensive with those of the members of the proposed Class; the Plaintiffs seek to remedy Defendant's unconstitutional policies, practices, and procedures so Defendants will not violate future individuals' constitutional rights.

38. Plaintiffs are willing and able to represent the proposed Class fairly and vigorously as they pursue their similar individual claims in this action.

39. Plaintiffs have retained counsel sufficiently qualified, experienced, and able to conduct this litigation and to meet the time and fiscal demands required to litigate a Class Action of this size and complexity. The combined interests, experience, and resources of Plaintiffs and their counsel to litigate competently the individual and Class claims at issue in this case clearly satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

## Requirements of Rule 23(b)(2).

40. Defendant acted on grounds generally applicable to Plaintiffs and the proposed Class by adopting and following systemic policies, practices, and procedures that violate individuals Fourth Amendment and Fourteenth Constitutional rights. Deprivation of Plaintiffs' constitutional rights is Defendant's standard operating procedure rather than a sporadic occurrence.

41. The systemic means of accomplishing such deprivation of constitutional rights include, but are not limited to, Defendant's policy, practice, and procedure to prevent individuals charged with a class B misdemeanor and above from access to a magistrate without unnecessary delay and sooner than 48 hours after detention.

42. Defendants' systemic deprivation of Plaintiffs' constitutional rights justifies the requested injunctive and declaratory relief with respect to the Class as a whole.

43. Entitlement to declaratory and injunctive relief flows directly and automatically from the anticipated proof of Defendant's systemic deprivation of Fourth and Fourteenth Amendment due process rights. In turn, entitlement to declaratory and injunctive relief forms the factual and legal predicate for recovery by Plaintiffs and Class Members of monetary and non-monetary remedies for individual losses caused by the systemic discrimination, as well as their recovery of nominal and punitive damages.

### Requirements of Rule 23(b)(3).

44. The common issues of fact and law affecting the claims of Plaintiffs and proposed Class Members - including, but not limited to, the common issues identified in Paragraphs above - predominate over any issues affecting only individual claims.

45. This Class Action is superior to other available means for fairly and efficiently adjudicating the claims of Class Representatives and members of the proposed Class.  The cost of proving Defendants' pattern and practice of discrimination makes it impracticable for Class Representatives and members of the proposed Class to pursue their claims individually.

46. By virtue of the Defendants' pattern and practice of discrimination Class Representatives and Class members are eligible for monetary remedies for losses caused by the systemic deprivation of rights.

### Requirements of Rule 23(c)(4)

47. This Class action should be certified as a class pursuant to Rule 23(c)(4) because the issues apply to all Class members and to Defendant.

48. Plaintiffs alternatively seek to maintain this action as a class pursuant to 23(c)(4), seeking partial certification of the common questions of law and fact.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983—Plaintiffs and those similarly situated.**

49. Plaintiffs repeat and reallege the above paragraphs as though they were fully set forth herein.

50. The Fourth and Fourteenth Amendments guarantee "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." As such, the government cannot detain individuals without bringing them before a magistrate without unnecessary delay longer than 48 without due process of law.

51. Failure to bring an individual detained for a criminal charge of a class B misdemeanor or higher (Dallas County Charges) without unnecessary delay and sooner than 48 hours after being detained violates an individual's Fourth and Fourteenth Amendment right denying due process of law.

52. The City has exhibited a pattern and practice of failing to bring individuals charged of a class B misdemeanor and above from being brought before a magistrate while still housed in the City's Jail. The City's system has repeatedly held individuals longer than the law allows and more than 48 hours before being brought before a magistrate.

53. Due to failures by City and its employees, the illegal detention of Plaintiffs is the direct and proximate cause of Plaintiffs' actual damages and emotional distress, stress, anxiety, and depression.

54. As a direct and proximate result of the violation of constitutional rights, misconduct and abuse of authority detailed above, Plaintiffs and all other members of the Class suffered loss of liberty and other damages to be determined at trial.

55. The City's actions violate the most basic rights afforded by the Fourth and Fourteenth Amendment to the United States Constitution.

56. City employees and agents acted or failed to act under color of state law at all relevant times. The City's policies, practices, and customs were moving forces behind and caused, were producing causes of, and/or were proximate causes of Plaintiffs' damages.

57. The Fifth Circuit Court of Appeals has made it clear that Plaintiffs need not allege the identity of chief policymaker(s) at the pleading stage but need only to plead enough factual matter to permit a reasonable inference of involvement by the relevant City policymakers. Out of an abundance of caution, the Mayor and the Chief of Police for the City of Irving are relevant chief policymakers over matters at issue in this case. Moreover, in the alternative, the City Council Members were the relevant chief policymakers.

58. The City was deliberately indifferent regarding its policies, practices, and customs developed or used regarding issues addressed in the allegations set forth above, for any facts that are ultimately determined to support episodic act or omission claims. Plaintiffs' inclusion of the "deliberate indifference" allegation does not concede or allege that deliberate indifference is a necessary element of a conditions of confinement claim.

## SECOND CAUSE OF ACTION
### FALSE IMPRISONMENT—Plaintiffs and those similarly situated.

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though set forth herein.

60. The City, through their officials, employees, agents, servants, and/or representatives intentionally caused the confinement of Plaintiffs and all other members of the Class in the custody of the City without bringing them before a Dallas County magistrate without unnecessary delay and beyond 48 hours which is per se unnecessary delay.

61. Plaintiffs and all other members of the Class were conscious of their confinement. Plaintiffs and all other members of the class were willfully detained.

62. Defendant effected a willful detention upon Plaintiff and the members of the Class.

63. Plaintiffs and all other members of the Class did not consent to their detention by Defendant.

64. Under the doctrine of respondeat superior, Defendant is liable for the tortious conduct of its employees and agents that caused the unlawful confinement hereinbefore alleged.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs and all other members of the Class suffered loss liberty and other damages to be determined at trial.

## THIRD CAUSE OF ACTION
## NEGLIGENCE—Plaintiffs and those similarly situated.

66. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in the foregoing paragraphs of this Complaint.

67. At all relevant times, the City—through its officials, employees, agents, servants, and/or representatives—negligently failed to bring Plaintiffs and Class members before a magistrate without unnecessary delay and sooner than 48 hours after they were detained.

68. The City, acting through its personnel, owed Plaintiffs a duty to exercise ordinary care in bringing them before a magistrate without unnecessary delay and sooner than 48 hours. It was

reasonably foreseeable that a failure to do so could result in unnecessary and unlawful deprivation of due process rights.

69. The City breached its duty of care in multiple ways, including but not limited to:

a.  Failing to maintain a reliable system to expeditiously bring individuals before a magistrate; and

b.  Designing and implementing processes that were inherently prone to error and delay, thereby increasing the likelihood of unlawful deprivation of constitutional rights.

70. The City knew or should have known that Plaintiffs and other similarly situated individuals faced a significant risk of harm by its policy practice and procedure yet failed to take reasonable steps to prevent this foreseeable injury.

71. As a direct and proximate result of this negligence, Plaintiffs suffered actual damages, including unlawful loss of due process rights, liberty, mental anguish, stress, and other losses described in this Complaint.

## REMEDIES

72.  For claims brought forth under 42 U.S.C. § 1983, damages will be determined through principles from the common law of torts. Therefore, Plaintiffs seek all remedies and damages available for causes of action asserted in this complaint pursuant to Texas and federal law, including but not necessarily limited to Texas common law applicable to the tort claim for false imprisonment, and all related and/or supporting case law. Plaintiffs seek remedies and damages, including, but not limited to, actual damages such as past and future compensation for humiliation, shame, fear, mental anguish, and loss of enjoyment of life. Plaintiffs also seek economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of their unlawful incarceration, as well as other economic losses that occurred as a result of

Defendant's unlawful actions. Plaintiffs incorporate this remedies section into all sections in this complaint, asserting cause(s) of action.

73. In this case, Plaintiffs suffered injuries for their humiliation, shame, fright, mental anguish, and loss of enjoyment of life for which they seek recovery. Plaintiffs also seek economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of her unlawful incarceration as well as other economic losses.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, on behalf of the Class, request the following relief as against the Defendant:

a) An order certifying this suit as a class action pursuant to Federal Rule of Civil Procedure 23;

b) A judgment declaring that Defendant has committed the violations of law alleged in this action;

c) An injunction preventing the City from continuing the policy and practice of failing to bring individuals before a magistrate sooner than 48 hours after detention;

d) A judgment awarding Plaintiffs within the jurisdictional limits of the Court and against Defendant, as legally available and applicable, for all damages referenced above and below in this pleading;

e) Compensatory damages against Defendant in amount to be proven at trial, together with interest as allowed by law;

f) Actual damages including but not necessarily limited to past and future damages for humiliation, shame, fright, mental anguish, stress, and loss of enjoyment of life suffered by Plaintiffs;

g) Actual damages including but not necessarily limited to economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of their unlawful incarceration, as well as other economic damages;

h) Reasonable and necessary attorneys' fees through trial and any appeals and other appellate proceedings, pursuant to 42 U.S.C. §§ 1983;

i) Court costs and all other recoverable costs;

j) Prejudgment and post judgment interest at the highest allowable rates; and

k) All other relief, legal and equitable, general and special, to which Plaintiffs is entitled.

Dated: April 4, 2026.

Respectfully submitted:

*/s/ Matthew R. McCarley*
Matthew R. McCarley
TX Bar No. 24041426
mccarley@foresterhaynie.com

FORESTER HAYNIE, PLLC
11300 N. Central Expressway, Suite 550
Dallas, Texas 75243
(214) 210-2100

James A. Spangler, Jr.
Texas Bar No. 24106454
jim@spanglerlaw.com
Huma T. Yasin
Texas Bar No. 24115971
hyasin@spanglerlaw.com

David A. Burns
Texas Bar No. 24126298
dburns@spanglerlaw.com

SPANGLER LAW PLLC
1700 Pacific Ave, Suite 2620
Dallas, TX 75201
Telephone: 214-932-3030

ATTORNEYS FOR PLAINTIFFS